Peter M. Daly, J.
On September 30, 1955, the incompetent and her husband entered into an agreement of separation wherein he agreed to pay $225 a month for her support and the support of two children, which sum was to be reduced to $150 per month upon the wife’s remarriage and by the sum of $75 per month as each child reached majority.
On October 23, 1955, the wife was committed as a person mentally ill, by an order of certification issued by the County Court of Suffolk County. On March 26, 1956, an order was made appointing a committee of the person and property of the incompetent. On April 11,1957, the committee and the husband entered into an agreement modifying the separation agreement in view of the incompetency and the fact that the husband had taken full custody of the two children and supported them since October 23,1955. By the terms of this agreement it is provided that so long as the wife remains incompetent, the husband will have custody of the children and pay to the committee $75 per month in lieu of $225 per month, as provided in the original separation agreement, and in the event that she is declared competent the custody of the infant children shall revert and he will resume paying his wife the sum of $225 per month, in accordance with the terms of the original agreement; that in all other respects that agreement is to remain in full force and effect.
The committee has now moved for an order approving this modification agreement. The Attorney-General of the State of New York opposes on the ground that there is no authority for such modification; that the only jurisdiction vested in the court is to permit the compromise of claims for and against the estate of an incompetent person; that should the committee submit an application to compromise the claim based upon the rate provided in the separation agreement to provide for the individual support of the incompetent, then this court would have authority to entertain it.
In support of this contention he points to an order of Mr. Justice Schirick, dated April 26, 1957, made in the Supreme Court, Albany County, in which a claim was compromised under somewhat similar circumstances. The committee, however, urges that under the doctrine that this court may make the election *1013 which the incompetent herself would have made if sane, the modification agreement may he approved. The attorney for the committee argues that any other course would compel the institution of periodic actions against the husband under the separation agreement, resulting in as many applications to compromise.
While the suggestions of the committee would obviate periodic applications, I am constrained to the view that this court has no power, in effect, to make a new separation agreement between the parties. While there is no doubt that the wife, if sane, would elect to compromise accrued amounts under the separation agreement by reason of her husband assuming the support of the children and, therefore, the court may do likewise, that is an entirely different matter from modifying the agreement she herself made.
In Nichols v. Nichols (306 N. Y. 490) a separation agreement, ratified by a Nevada decree of divorce, provided for the payment by the husband of $2,500 monthly for the support of a wife and children. It provided for the reduction of alimony as to a child living apart from its mother when the child is between 21 and 25 years of age. The sense of the entire agreement was to the effect that so long as the husband and wife are alive, the wife unmarried and the children under the age of 21, the monthly payment shall be $2,500. Notwithstanding that the husband took over the custody of the minor children and thereafter was awarded such custody by an order in habeas corpus, the court held that since there was no allocation of the support to the children before they reached the ages specified in the agreement for the reduction of alimony, the husband was obliged to pay the full sum of $2,500 to the wife. Similarly, in Rehill v. Rehill (306 N. Y. 126, 133), it was held that a $200 per month provision for the support and the maintenance of the wife and children, until she shall die or remarry, could not be reduced by the husband or by the court simply because, after coming of age, one of the daughters moved out of her mother’s residence. To the husband’s argument that the parties intended that the full amount should be paid only so long as the wife actually supported both children in her home, the Court of Appeals held: ‘ ‘ The simple answer to this defense is that the separation agreement contained no such provision.”
The opposite result was reached in Matter of Herzog (301 N. Y. 127) because the agreement itself made a specific allocation of the amounts for the wife and each child, and it was further provided that when the children were in the custody of their father the payments for them to the mother should cease. In *1014 the ease at bar, that is the result sought to be attained by the modification agreement, but that has not been provided for in the original agreement. Who is to say that the mother in this case would have agreed to only $75 per month for herself and $150 to be allocated to her two children born on July 6, 1944, and June 11,1949, respectively?
Under these circumstances, it seems to this court that it has no power to approve what is sought by this application, no matter how practical it may appear. The application is accordingly denied without prejudice to one for the compromise of the past-due claim based on the separation agreement or, if the Attorney-General consents in the interest of avoiding the expense of periodic applications, to suspend the obligations of the separation agreement until the wife is competent, on condition that the husband pay a sum certain for her support while institutionalized.
Submit order.