Maurice Wahl, J.
The petitioner landlord has brought these holdover proceedings to recover possession of a restaurant premises located at No. 5 East 40th Street, Borough of Manhattan, New York City, based upon an alleged breach of a substantial obligation of the lease affecting the premises in that the tenant failed to make certain repairs after notice to do so was given by the landlord. It appears that the respondent, Dee-Dee Cafe Corp., named in the petition, is no longer in possession of the premises and that respondent Lane Coffee Shop, Inc., is the tenant in possession under the lease. Dee-Dee failed to answer or to appear and the matter was tried only as between landlord and Lane.
The lease, which commenced on April 1, 1961 and expires on March 31, 1981, at a present rental of $15,000 per annum, and increases monetarily thereafter, provides that upon tenant’s default in fulfilling any of the covenants thereof landlord may serve a five-day notice specifying the nature of the default. In the event the default is not completely cured or should the'tenant in good faith fail to commence diligently to cure the default within the specified period, landlord has the right then to serve a three-day notice canceling the lease.
Pursuant to the provisions thereof, landlord gave a five-day notice received by tenant on Friday, February 10,1967, requiring the making of a number of repairs, failing compliance therewith, landlord would seek to terminate the lease.
It appears that, upon receipt of the notice, tenant’s principal, Rabinowitz, set about to enlist the services of a qualified restaurant contractor to effect the necessary repairs, but due to an intervening three-day weekend (Lincoln’s birthday holiday extending the weekend through Monday, February 13, 1967) tenant was unable to make its arrangements for the work. It further appeared that on Tuesday, February 14, 1967, tenant and the contractor inspected the premises to ascertain the work to be done. The contractor, due to the press of other commitments, did not commence immediately to make the repairs, but as soon as practicable thereafter did embark upon the making of the repairs. In view thereof, the court holds that the activity taken comports with the requirements of the lease that the repairs be made or commenced to be made within the time limitation of the notice, and that the tenant exercised due diligence in attempting to cure the alleged default under the lease.
To avert the effect of the tenant’s testimony, the landlord argues that, to the time of trial, little short of two months after giving of the five-day notice, the repairs still had not been *132 effected. The testimony revealed, however, that by virtue of a proceeding instituted by landlord against the tenant in the Supreme Court, during the time when the contractor was at the premises to do the repair work, landlord caused to be served upon the contractor a restraining order restraining the contractor (as well as Lane) from making alterations in or removing fixtures from the premises. The contractor testified that he discussed this with his attorney and that upon the attorney’s advice he discontinued all further work. In the light of these circumstances, it would appear that it was the landlord who was the architect of the failure which it now seeks to attribute to the tenant.
In arriving at the determination being made, the court has weighed other factors which, when balanced, satisfied the court in result. Among those considerations is that the leasehold granted by landlord was for an original term of 20 years, of which approximately 13 years presently remain. From the testimony, the court is satisfied that not only is the lease of long duration, but is of great value and not lightly to be remitted. In the exercise of the court’s discretion and giving due regard to the surrounding circumstances, the court concludes that a forfeiture of this long-term lease would work a hardship inappropriate to the competing interests of the parties.
The court’s decision is further reinforced by the landlord’s testimony indicating that certain of the conditions complained of were extant and known to landlord for a period of some two years, during which time the landlord, with knowledge thereof, accepted rent from the various tenants in possession. Any aggravation of the conditions appears to have been occasioned by the recent vacating of the premises by the nonappearing tenant, Dee-Dee, followed by the halt in repairs after commencement thereof motivated by the service of the restraining order. Accordingly, there has been no showing of sudden or immediate urgency nor does the court perceive why the present conditions complained of would relieve the landlord of its waiver of the alleged breach in failing for two years to give notice of its intention to terminate the lease for failure to remedy those conditions.
“ That the continuation rather than the extinction of grants is favored in the law, and consequently the Court should proceed with care and caution ”. (Trent v. Corwin, 76 N. Y. S. 2d 198, 202.) “ Forfeitures are not favored in equity [and] technicalities will not be permitted to work injustice or oppression” (98 Delancey Street Corp. v. Barocas, 82 N. Y. S. 2d 802, 805, affd. 275 App. Div. 651), “ especially when it is considered that *133 the failure to complete the repairs was not due to any fault or negligence on the part of [the tenant]” (6th Ave. & 24th St. Corp. v. Lyon, 193 Misc. 186,189).
In a decision by the Appellate Term, First Department, appearing in the New York Law Journal (March 10, 1967, p. 16, col. 4), entitled Grand Realty v. A. J. R. Beauty Salon, the final judgment dismissing the petition was unanimously reversed and final judgment for the landlord granted without costs. However, a 60-day stay of issuance of the warrant was directed to afford the tenant an opportunity to cure the breach to the extent of affording the landlord access to the premises for landlord’s performance of the work concerned. There too it was held that a forfeiture of the long-term lease and of tenant’s large investment should not be directed on the instant record (see Hessler v. Schafer, 20 Misc. 645; 98 Delancey St. Corp. v. Barocas, 82 N. Y. S. 2d 802, 805, affd. 275 App. Div. 651).
The conditioning of the issuance of the warrant upon proof of the tenant’s compliance with the lease obligations within a reasonable time was held to effect an equitable result and is consistent with the approach previously taken by the courts in analogous matters.
The law does not favor forfeitures and it is the court’s opinion that equity would be best served by the following decision herein:
The tenant is to make the necessary repairs on or before July 15,1967 to correct the alleged breach of lease and submit an affidavit to that effect on notice to the landlord, and upon approval by the court the landlord’s petition will thereafter be dismissed. However, should said repairs not meet with the approval of this court, then and in that event, final judgment for the landlord may be entered on three days’ written notice to the respondent, Lane Coffee Shop, Inc., or its attorney.