36 N.Y.2d 811 (1975)
Indovision Enterprizes, Inc., Respondent,
v.
Cardinal Export Corporation, Appellant.
Court of Appeals of the State of New York.
Argued March 20, 1975.
Decided April 30, 1975.
Mortimer G. Levine for appellant.
Jeremiah S. Gutman for respondent.
Chief Judge BREITEL and Judges JASEN, JONES and WACHTLER concur in memorandum; Judges GABRIELLI, FUCHSBERG and COOKE dissent and vote to reverse in a separate memorandum.
*813 MEMORANDUM.
Order affirmed with costs to abide the event on the opinion of Mr. Justice ARON STEUER at the Appellate Division, with the added comment that the provision in question is not a "commercial absurdity". On one interpretation it could serve the useful purpose of terminating the entire agreement if for whatever reason the buyer failed to supply a letter of credit. This could make commercial sense, for example, if the "seller" had no scarcity of buyers. The division in the Appellate Division and in this court dramatically highlights Mr. Justice STEUER'S view that "the least that could be said is that the proper interpretation is one on which reasonable minds would differ".
GABRIELLI, FUCHSBERG and COOKE, JJ. (dissenting).
We find the clause specifically making plaintiff's "offer * * * null and void" if the letter of credit was not opened to be clear and unambiguous. Even if the relationship of that clause to the scheme of the entire letter-agreement involved here created an ambiguity, which we do not think it did, such ambiguity would have to be resolved against the plaintiff, who is conceded to be its draftsman. Therefore, in view of the fact that the letter of credit was not opened, the agreement became "null and void" and cannot, we believe, support the action here.
Order affirmed, with costs to abide the event. Question certified answered in the affirmative.