■ HAROLD REAPE, Appellant-Respondent, v NEW YORK NEWS, INC., Respondent-Appellant.—In an action to recover damages for breach of contract, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 8, 1985, as, upon granting his motion for reargument, adhered to its determination contained in an order entered December 19, 1984, which, *inter alia,* granted the defendant's cross motion for summary

judgment dismissing the complaint, and (2) the defendant cross-appeals from so much of the same order as granted the plaintiff's motion for reargument.

Order affirmed, without costs or disbursements.

Since the record clearly establishes that the plaintiff's motion for reargument was brought within the prescribed period for taking an appeal from the original order granting summary judgment in favor of the defendant, we cannot say that Special Term abused its discretion by granting the motion for reargument (see, CPLR 5513 [a]; 2103 [b] [2]; cf. Fitzpatrick v Cook, 58 AD2d 642).

Turning to the merits of the plaintiff's appeal, we state at the outset the general rule of contract interpretation that ambiguities in an agreement should be interpreted most strongly against the draftsman (see, Rentways, Inc. v O'Neill Milk & Cream Co., 308 NY 342, 348). However, where a particular interpretation would lead to an absurd result, the courts can reject such a construction in favor of one which would better accord with the reasonable expectations of the parties (see, Sutton v East Riv. Sav. Bank, 55 NY2d 550, 555; Tougher Heating & Plumbing Co. v State of New York, 73 AD2d 732, 733). While a literal reading of the disputed provision in the parties' agreement supports the plaintiff's principal contention that he was entitled to receive a fee of 24 cents for each copy of the Monday through Saturday issues of the Daily News he delivered to home subscribers in his designated area, rather than receiving a total of 24 cents for the entire six days, such an interpretation would defeat and contravene the purpose of the agreement (see, Indovision Enters. v Cardinal Export Corp., 44 AD2d 228, 230, affd 36 NY2d 811). Since the intent of the parties in entering an agreement is a paramount consideration when construing a contract, even the actual words provided therein may be transplanted, supplied or entirely rejected to clarify the meaning of the contract (see, Castellano v State of New York, 43 NY2d 909, 911; Schmidt v Magnetic Head Corp., 97 AD2d 151, 157).

In the instant case, it would be unreasonable to conclude that the defendant intended to assume a net loss for each copy delivered by the plaintiff, as the record indicates would have happened if the plaintiff's interpretation was adopted. Moreover, there is no reasonable explanation why the parties would intend that the plaintiff earn substantially less for each delivery of the Sunday newspaper which concededly sold for three times the price of the daily issues.

Nor are we prepared to disregard the remaining provisions in paragraph 2 of the agreement which offered an optional method of compensation to those agents whose daily subscribers numbered at or fewer than 900, which was the situation of the plaintiff. If the plaintiff's interpretation of the contract provision is correct, then this option, clearly intended to protect agents with a small number of subscribers by guaranteeing them a minimum weekly fee, would be rendered meaningless. It has been repeatedly stated that an interpretation of a contract should not be adopted if to do so would leave a provision thereof without force and effect *(see, Corhill Corp. v S. D. Plants,* 9 NY2d 595, 599; *Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46; *Fleischman v Furgueson,* 223 NY 235, 239).

Furthermore, the plaintiff accepted payment under the guaranteed minimum option for the duration of his relationship with the defendant, thereby implicitly agreeing to payment under this option and not under the option upon which he seeks to recover. Significantly, the plaintiff set forth several reasons for terminating the agency relationship in his letter of resignation, none of which mentioned the dispute over the amount of the fee which was being paid to him.

We have considered the plaintiff's other contentions and find them to be without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.