■ I.J.S. REALTY CORPORATION, Appellant, v GRANDOME ENTERPRISES, INC., Respondent.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 28, 1991, which, after a non-jury trial, dismissed the complaint, adjudged defendant to be entitled to retain the $150,000 deposit paid under the contract, awarded defendant damages in the total amount of $500,000 plus interest and costs, and vacated and discharged the *lis pendens* bond, unanimously affirmed, with costs.

Plaintiff as buyer, and defendant as seller, entered into a written contract of sale for a vandalized seven-story uninhabited single room occupancy apartment building located at 308-312 West 95th Street. Plaintiff thereafter announced that it would not close unless defendant remedied all violations and obtained a new certificate of occupancy. Plaintiff commenced this action for specific performance or, alternatively, for damages. After discovery, plaintiff moved for summary judgment, which motion was denied upon a finding by the court that the wording of the contract was ambiguous. The three-page standard printed contract was augmented by a separate six-page rider prepared by plaintiff's attorney which provided that, in the event of a conflict, the rider would be paramount. While both the printed contract and rider state that the premises would be taken "as is", paragraph 21 of the rider required seller to deliver "current documents", including a certificate of occupancy. As the intent presented a question of credibility, a non-jury trial was held, after which the court rendered a detailed decision finding plaintiff's witnesses to be not credi-

ble. Dismissing the complaint for specific performance or damages, the court determined that plaintiff was in breach of the contract and compensated defendant for such breach.

The testimony and exhibits revealed that the intent of plaintiff was to gut the building for either rehabilitation as a condominium or a "quick flip", and thus plaintiff's construction of the contract requiring defendant to remove all violations and provide a new certificate of occupancy leads to a result which makes no sense in light of the parties' intentions or purposes (see, e.g., Reape v New York News, 122 AD2d 29, 30, lv denied 68 NY2d 610, rearg denied 69 NY2d 707).

The award of $500,000 damages to defendant on its counterclaim for breach of contract was amply supported by the evidence. We have considered plaintiff's other arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.