■ C.T. CHEMICALS (U.S.A.), INC. Respondent-Appellant, v

VINMAR IMPEX, INC., Appellant-Respondent.—Wherein it seeks reargument and modification, motion granted to extent of recalling and vacating this Court's unpublished decision and order (Appeal No. 45840) entered on April 16, 1992 and substituting therefor the decision and order decided simultaneously herewith; motion denied as moot wherein it seeks a stay, and denied wherein it seeks sanctions.

Order, Supreme Court, New York County (William J. Davis, J.), entered August 16, 1990, which denied plaintiff's motion and defendant's cross-motion for summary judgment, unanimously modified, on the law, to grant plaintiff summary judgment with respect to the goods delivered to defendant and with respect to defendant's counterclaims, in the amount of $510,000, plus interest, and otherwise affirmed. The Clerk is directed to enter judgment in favor of plaintiff accordingly, with costs.

We disagree with the IAS court that a triable issue of fact exists as to whether payment was due upon delivery of the first or second lot of the goods given that the parties' controlling contract, plaintiff's January 13, 1987 sales confirmation, expressly made delivery of the two lots severable by providing for shipment in "January/February, 1987", that defendant expressly requested separate deliveries and provided a letter of credit permitting for partial shipment, that the goods were delivered by plaintiff and accepted by defendant and that defendant never paid for or made any arrangements to pay for either lot (see, UCC 2-307). Thus, defendant's failure to open a proper letter of credit to pay for either installment of the shipments constituted a breach of its contract with plaintiff, entitling plaintiff to demand payment for the goods delivered and to withhold the balance of the shipment due under the contract (UCC 2-703 [a]; 2-325 [2]; Indovision Enterprizes v Cardinal Export Corp., 44 AD2d 228, affd 36 NY2d 811; Penn v Valiante, 228 App Div 552, affd 255 NY 533).

Plaintiff is also entitled to summary judgment on defendant's counterclaims. These counterclaims are based upon plaintiff's refusal to deliver the second lot of goods after defendant's failure to provide the letter of credit as agreed. Defendant's failure to make any efforts to pay for the goods delivered and accepted deprived it of any claim to monetary damages arising as a result of the plaintiff's rightful demand for payment and refusal to deliver the second lot (UCC 2-703 [a]).

We have reviewed the parties' remaining claims and find

them to be without merit. Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.