■ MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Plaintiff, v LUCILLE THORPE, Respondent, and LINDA M. THORPE, Individually and as Mother of KATHERINE THORPE and Others, Infants, Appellant. [687 NYS2d 490] —Mercure, J. Appeals (1)

from an order of the Supreme Court (Dier, J.), entered January 30, 1998 in Washington County, which denied defendant Linda M. Thorpe's motion for, *inter alia*, summary judgment declaring that Katherine Thorpe and Matthew Thorpe are entitled to the entire proceeds of a group life insurance policy issued by plaintiff, and (2) from an order of said court, entered March 26, 1998 in Washington County, which, *inter alia*, granted defendant Lucille Thorpe's motion for summary judgment and declared that she is a 50% beneficiary of said group life insurance policy.

Prior to his death, Patrick Thorpe (hereinafter decedent) was enrolled in a group life insurance program underwritten by plaintiff and had a $282,000 policy in effect. From 1992 to June 1996, decedent's two children (Katherine Thorpe, born in 1981, and Matthew Thorpe, born in 1978) were primary beneficiaries of the policy. In June 1996, however, following the separation of decedent and defendant Linda M. Thorpe (hereinafter the wife), decedent changed the beneficiary designation so as to provide that 50% of the policy proceeds be paid to his mother, defendant Lucille Thorpe (hereinafter the mother), and 25% be paid to each of the children.

In September 1996, the wife instituted a child support proceeding against decedent in Family Court. At an October 3, 1996 hearing, decedent and the wife entered into a comprehensive stipulation relative to support of the children. The stipulation was spread upon the record in open court and then incorporated into a Family Court order entered the same day. Under the terms of the stipulation (as here relevant), decedent was to make biweekly child support payments of $500 until the children respectively attained the age of 22, maintain his existing health insurance for the benefit of the children, pay 56% of all uninsured health care costs and pay 56% of all of the children's college expenses, including tuition, room, board and supplies.

On the issue of life insurance, which is the critical focus of this action, the following statements were made on the record by Anne Stapleton, the wife's then attorney, and Family Court:

"ATTORNEY STAPLETON: There are two [other issues to address]. Life insurance, both parents who would maintain their present life insurance and name the children irrevocable beneficiaries.

"THE COURT: I feel that we are getting involved in equitable distribution. Both parties will maintain their present life insurance coverage. Is that basically what was said?

"ATTORNEY STAPLETON: Yes, and name the children irrevocable beneficiaries.

"THE COURT: They are named now?

"ATTORNEY STAPLETON: They will be.

"THE COURT: And the children will be named—I like that—as irrevocable beneficiaries. Meaning, that they can't be changed."

Decedent committed suicide the very next day, without having made any change in the subject life insurance beneficiary designation.

Because of the wife's and the mother's conflicting claims against the $282,000 policy issued by plaintiff, plaintiff brought the present interpleader action pursuant to CPLR 1006 for judgment authorizing it to pay the proceeds of the insurance policy into court and thereupon discharging it from further liability. In their respective answers, the mother asserted her entitlement to 50% of the policy proceeds by virtue of the June 1996 beneficiary designation, and the wife, individually and on behalf of the children, sought payment of the entire proceeds to the children under the terms of the October 3, 1996 stipulation and order. Ultimately, Supreme Court granted judgment in favor of plaintiff, releasing it from any further liability following its deposit of the $289,272.12 policy proceeds (including interest of $7,272.12 to the date of commencement of the interpleader action) less counsel fees and expenses of $2,511.56, and in favor of the mother, awarding her one half of the net policy proceeds on the basis of the June 1996 beneficiary designation. The wife appeals.

As limited by the pleadings and the briefs on appeal to this Court, we conclude that resolution of the appeal turns on our construction of the parties'* October 3, 1996 stipulation as a matter of law. In that connection, the mother acknowledges that an in-court stipulation is enforceable as a contract between the parties and also that, had the decedent agreed to name the children as *sole and exclusive* beneficiaries of his insurance policy, the wife would be entitled to prevail. Pointing out the absence of those words, however, and cautioning us that a court is not to insert words or phrases into a contract under the guise of interpretation (*see, Kilbride v Kilbride*, 234 AD2d 780, 781), the mother contends that by their stipulation the parties merely intended that the children be left "a large sum of money" and that payment of one half of the policy proceeds fulfilled that intention. We disagree. In our view, it is the mother who would have us reach an unintended result by putting words into the mouths of the parties.

* The terms "party" or "parties" shall refer to decedent and the wife, who were the parties to the stipulation, and not to the parties to this action.

"A stipulation is a contract between parties, and as such is governed by general principles for its interpretation and effect" (*Nishman v De Marco*, 76 AD2d 360, 366, *appeal dismissed* 53 NY2d 642; *see*, CPLR 2104). The most fundamental canon of contract interpretation, taking precedence over all others, is that primary attention be given to the purpose of the parties in making the contract (*see*, *Matter of Herzog*, 301 NY 127, 135; *Barrow v Lawrence United Corp.*, 146 AD2d 15, 18; 22 NY Jur 2d, Contracts, § 225, at 273). In this case, the very obvious purpose for the overall stipulation was to make provision for the support of the children and to allocate the support obligation between the parties. The equally obvious purpose for the specific provision at issue here was to provide security for the children's support in the event of the death of the parties or either of them (*see*, *Matter of Herzog, supra*, at 136). Significantly, the provision that the parties made for their children's support was quite liberal, extending well beyond the minimal legal obligation. First, although recognizing that their support obligation ended at age 21 (*see*, Family Ct Act § 413 [1] [a]), the parties voluntarily obligated themselves to support each of their children to age 22. Second, the parties committed themselves to paying all expenses of a college education for the children, with no stated restriction as to the type of college that could be attended or the annual expense to be incurred. Considering that private four-year college educations for the children could have cost as much as $30,000 per child per year and that the children were only 18 and 14 at the time the parties entered into the subject stipulation, we do not consider life insurance coverage of $282,000 as excessive.

Common-sense analysis of the specific language of the stipulation, i.e., that the children will be named irrevocable beneficiaries of decedent's existing life insurance policy, also defeats the construction advanced by the mother. We first note that the clear language "will be named" speaks of an act to be performed in the future, thereby overcoming any claim that the beneficiary designation in effect at the time of the stipulation was the one contemplated by the parties. Further, the contract makes no reference to the amount of insurance coverage that is to be provided for the children—no dollar amount or even a more general quantitative term such as "large sum" is to be found. In our view, the only sensible reason for that omission is that the children were to receive all of the insurance proceeds. Finally, we note that the construction advanced by the mother, which would require only that the children be "among the" beneficiaries of the life insurance, would have the effect of granting decedent the power to defeat the parties'

intention and, in fact, to unilaterally establish the amount of insurance to be provided for the children, a harsh and unreasonable result (*see*, *Tibbetts Contr. Corp. v O & E Contr. Corp.*, 15 NY2d 324, 337; *Reape v New York News*, 122 AD2d 29, 30, *lv denied* 68 NY2d 610; 22 NY Jur 2d, Contracts, § 222).

For the foregoing reasons, we determine as a matter of law that the parties to the October 3, 1996 stipulation intended that decedent change the beneficiary designation so as to make the children, and only the children, irrevocable beneficiaries of the life insurance policy issued by plaintiff. We therefore conclude that Supreme Court should have granted the wife's motion and denied the mother's motion for summary judgment. The wife's remaining contentions need not be considered.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the orders are reversed, on the law, with costs, defendant Linda M. Thorpe is awarded summary judgment and it is declared that Katherine Thorpe and Matthew Thorpe are entitled to the entire proceeds of a group life insurance policy issued by plaintiff.