OPINION OF THE COURT
Per Curiam.
Judgment entered March 3, 2000 reversed, with $25 costs, *26 and judgment directed in favor of plaintiff in the principal sum of $18,000, plus interest from July 1, 1996.
Plaintiff subcontractor commenced this action against defendant general contractor for a partial refund of a performance bond premium based upon defendant’s breach of a June 29, 1993 letter agreement executed by the parties. The performance bonds were purchased by plaintiff at the request of defendant, as obligee, in connection with the rehabilitation of certain Brooklyn residential properties (Phase I).
The parties’ letter agreement states, in relevant part, that “I [plaintiff] agree to provide you [defendant] with a performance/ completion bond in an amount equal to the contract price * * * If Phase II [additional renovation work at other related sites] is not awarded to [plaintiff], then owner agrees to refund to [plaintiff] the sum of $18,000 as payment of the bond for Phase I.” The actual owner of the project (nonparty Union Sutter Redevelopment Assoc. [Union Sutter]) was not a signatory to the agreement.
After completion of Phase I work, Phase II work was never awarded to defendant as general contractor nor to plaintiff as subcontractor. Following plaintiffs demand for reimbursement solely upon defendant, plaintiff commenced this action in 1998. The trial court dismissed the complaint based upon its reading of the letter agreement that the “owner” (Union Sutter) was responsible for any premium reimbursement. We reverse and direct judgment in plaintiffs favor as against defendant.
In construing a contract, the writing must be “read as a whole to determine its purpose and intent” (W. W. W. Assoc. v Giancontieri, 77 NY2d 157, 162), giving a “practical interpretation” to the language employed which conforms to the parties’ reasonable expectations (Sutton v East Riv. Sav. Bank, 55 NY2d 550, 555; see also, Reape v New York News, 122 AD2d 29, 30, lv denied 68 NY2d 610, rearg denied 69 NY2d 707). Furthermore, any ambiguity in the contract is to be strictly construed against the drafter of such language (151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 734) here, the defendant.
Applying these principles, we find that notwithstanding the reference to “owner,” the agreement is reasonably construed as applying to the defendant general contractor, whom the parties intended to bear the actual responsibility for reimbursement of the bond premium. Plaintiff presented clear and convincing evidence that it purchased the performance bonds for the benefit *27 of defendant to protect defendant against loss from plaintiffs failure to perform. In the absence of proof that Union Sutter, as owner, was in privity of contract with plaintiff or that Union Sutter, by its own actions, assumed an obligation to reimburse the bond premium to plaintiff or that defendant acted as agent of Union Sutter, no basis exists to defeat the contracting parties’ reasonable expectations.
Further militating against the trial court’s construction of the disputed provision is the typewritten notation set forth on the parties’ letter agreement immediately above defendant’s signature line wherein defendant itself, and no other entity, expressly “[a]greed * * * to the return of the $18,000 as * * * noted herein.”
Having established its claim for breach of contract against defendant, plaintiff is entitled to prejudgment interest from the date of its reimbursement demand (CPLR 5001 [b]), which occurred no later than July 1, 1996.
Parness, P.J., Gangel-Jacob and Suarez, JJ., concur.