# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**383**
**CA 12-01606**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

JOHN O. VANDERHOEF, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

JOHN DOE, ET AL., DEFENDANTS,
FREDERICK PARSONS, III AND JANET CALLAHAN
FELDT, DEFENDANTS-RESPONDENTS.

---

DAVID G. WALLACE, P.C., BATH (DAVID G. WALLACE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SAYLES & EVANS, ELMIRA (CONRAD R. WOLAN OF COUNSEL), FOR
DEFENDANT-RESPONDENT FREDERICK PARSONS, III.

YORIO, FERRATELLA & BOWES, PAINTED POST (CHRISTOPHER J. FERRATELLA OF
COUNSEL), FOR DEFENDANT-RESPONDENT JANET CALLAHAN FELDT.

---

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered April 17, 2012. The order, inter alia, granted the cross motions of Frederick Parsons, III and Janet Callahan Feldt for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order that granted the cross motions of Frederick Parsons, III and Janet Callahan Feldt (defendants) for summary judgment in this forfeiture action. Pursuant to an oil and gas royalty sale in 1932, plaintiff's predecessors in interest assigned to Robert O. Hayt, Leon J. Callahan, and H.W. Baldwin a total of half of all oil and gas royalties arising from a plot of land in Steuben County. Specifically, the agreement required that a $150 down payment be made at the time of the agreement and, when the land began to produce a set amount of oil or gas, Hayt, Callahan, and Baldwin, or their heirs and assigns, were required to pay a set price per acre to plaintiff's predecessor in interest in order to preserve their rights to royalties. Parsons is Baldwin's successor in interest, Feldt is Callahan's successor in interest and Hayt's successors in interest are unknown. The three original grantees (grantees) died well before 2006 and, in September 2006, the land began producing the requisite amount to trigger the additional payment provision. In January 2007, plaintiff gave notice to the heirs and assigns of the grantees that their rights pursuant to the 1932 agreement were forfeited for failure to make the additional

payment.  Plaintiff commenced this action in December 2008 seeking a forfeiture of all royalties due to the heirs and assigns of the grantees, and subsequently moved for summary judgment on the complaint.  Defendants each cross-moved for summary judgment, seeking payment of royalties.  The court granted the cross motions, determining that defendants are entitled to specified percentages of the royalties being held in escrow.  We affirm.

" 'There is a wide distinction between a condition precedent, where no title has vested and none is to vest until the condition is performed, and a condition subsequent, operating by way of a defeasance.  In the former case equity can give no relief.  The failure to perform is an inevitable bar.  No right can ever vest.  The result is very different where the condition is subsequent.  There equity will interpose and relieve against the forfeiture' " (*J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 397).  Thus, equitable relief will not "ordinarily be given where the breach is of a condition precedent" (*Noyes v Anderson*, 124 NY 175, 179), while "[e]quitable relief is usually available to prevent the harsh consequences of declaring a forfeiture for breach of a condition subsequent where it is out of proportion to the loss to the person seeking to enforce the forfeiture" (55 NY Jur 2d, Equity § 60).  Here, the right to gas and oil royalties vested in the heirs and assigns of the grantees at the moment the land began producing gas or oil at a certain rate, and the additional payment constituted a condition subsequent because "the condition in question was to be performed after the right granted had vested in the grantee[s]" (*Munro v Syracuse, Lake Shore & N. R.R. Co.*, 200 NY 224, 231).

In determining whether equity should intervene to avoid forfeiture in this case involving the breach of a condition subsequent, we note the well-established principle that "equity abhors forfeitures" (*Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 577, *rearg denied* 47 NY2d 801; *see O & W Lines v Saint John*, 20 NY2d 17, 23; *Morgan v Herzog*, 301 NY 127, 137).  Further, " 'a court of equity will interpose its power to relieve against forfeitures for a breach of a condition subsequent caused by unavoidable accident, [or] by fraud, surprise or ignorance' " (*Whiteside v North Am. Acc. Ins. Co. of Chicago*, 200 NY 320, 324; *see Matter of A.D.W. Realty Corp. v Dee-Dee Café Corp.*, 54 Misc 2d 130, 132).  Here, defendants were unaware of their royalty rights until years after plaintiff gave the notice of forfeiture and commenced this action, and thus this is a situation in which equity should intervene to avoid forfeiture. Morever, the additional payment that would be due to plaintiff under the agreement ($410) is grossly disproportionate to the amount in royalties that plaintiff seeks to have declared forfeited (approximately $121,000), and equity generally intervenes where the forfeited amount is out of proportion to the loss to the person seeking to enforce the forfeiture (*see generally Fifty States Mgt. Corp.*, 46 NY2d at 577; 55 NY Jur 2d, Equity § 60).

Entered:  May 3, 2013                    Frances E. Cafarell
                                         Clerk of the Court