■ CITY OF NEW YORK, Appellant, v KHALEEF ALLICOTT, Individually and as Administrator of the Estate of JACQUELINE WOOD ALLICOTT, Also Known as JACQUELINE WOOD, Deceased, et al., Respondents. [998 NYS2d 126]—

In an action, inter alia, for a judgment pursuant to RPAPL article 15 declaring that a deed to certain real property is null and void, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated August 17, 2012, which granted those branches of the separate motions of the defendants Chase Home Finance, LLC, as successor by merger to the defendant Chase Manhattan Mortgage Corporation, also known as Chase Mortgage Services, Inc., and L&M Development, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them, and granted the motion of the defendant Khaleef Allicott, individually, and as the administrator of the estate of Jacqueline Wood Allicott, for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs.

Under the particular circumstances of this case, the Supreme Court properly granted the motion of the defendant Khaleef Allicott, and those branches of the separate motions of the defendants Chase Home Finance, LLC, as successor by merger to the defendant Chase Manhattan Mortgage Corporation, also known as Chase Mortgage Services, Inc., and L&M Development, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them. The evidentiary submissions of the moving defendants established that they had no knowledge of the alleged fraud committed at the 2002 closing, that the plaintiff suffered no economic detriment as a result of the alleged fraud, and that granting the relief demanded by the plaintiff would cause the moving defendants to suffer a substantial forfeiture (*see Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 577 [1979]; *Vanderhoef v Doe*, 106 AD3d 1486, 1487 [2013]). Accordingly, we affirm the Supreme Court's order. Dillon, J.P., Hall, Austin and Barros, JJ., concur.