■ ERWIN KING, Plaintiff, v PHILOMENA KING, Defendant. (Action No. 1.) PHILOMENA KING, Appellant, v ERWIN KING, Respondent. (Action No. 2.)—Kane, J. Appeal in action No. 2 from an order of the Supreme Court (Connor, J.), entered August 18, 1986 in Ulster County, which, upon granting plaintiff's motion to renew, adhered to its original decision denying plaintiff's motion to vacate a stipulation and agreement of settlement made pursuant to Domestic Relations Law § 236.

The parties were married on November 30, 1963. An action for divorce was commenced by the husband in July 1980, which precipitated a separate action for divorce by the wife against the husband in the fall of 1980. There ensued a prolonged and bitter period of litigation in Supreme Court and Family Court, which ultimately resulted in referral to a Judicial Hearing Officer for trial of all issues. The trial began on April 16, 1985 and the next morning a settlement agreement was entered into wherein the husband withdrew the cause of action for divorce in the complaint in his action and permitted the wife to proceed with the necessary proof to obtain the divorce in her action. The agreement also included a stipulation settling equitable distribution of the marital assets of the parties and other matters concerning the marital relationship of the parties. Approximately eight months later, the wife applied to set aside the stipulation on the grounds of duress, inequality and illegality. Supreme Court denied the wife's application and, upon granting her motion to renew,

adhered to its original decision. This appeal by the wife ensued.

We are not persuaded by the wife's arguments seeking reversal. The record demonstrates that an agreement of settlement was entered into voluntarily, with full knowledge of all the legal ramifications and with extensive inquiry by Supreme Court as to the meaning of the various terms of settlement, which was dictated into the record by the wife's attorney in her presence and in the presence of the husband and his attorney. In addition, it is clear this agreement was the culmination of a number of efforts to arrive at an acceptable settlement, the details of which had been discussed at length, before placing them on the record in open court *(see,* CPLR 2104; *Hallock v State of New York,* 64 NY2d 224). Moreover, at the conclusion of the stipulation of settlement and its entry and recording, the court directed the parties to sign a written "opting out" agreement, pursuant to Domestic Relations Law § 236 (B) (3), which was duly executed by the parties and acknowledged by the wife's attorney *(see, Lischynsky v Lischynsky,* 95 AD2d 111). In sum, we find no basis in the record to support any of the allegations of the wife, and accordingly affirm *(see, Weinstein v Weinstein,* 109 AD2d 881).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.