■ DIAN E. MOLLER, Respondent, v GARY W. MOLLER, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Hughes, J.), ordering, *inter alia,* equitable distribution of the parties' marital property, entered September 13, 1991 in Schoharie County, upon a decision of the court.

The parties to this action were married on December 4, 1986. Although no children were born of the marriage, plaintiff had custody of two children from a previous marriage. At the time of the marriage, defendant owned a 15-acre parcel of land with a trailer situated on it. This parcel became the marital residence, and the parties improved the parcel by removing the trailer and installing a manufactured home, foundation and garage. The construction of these improvements was financed by, *inter alia,* a home improvement loan undertaken by both parties.

Plaintiff commenced this action for divorce in June 1989. After a nonjury trial, Supreme Court granted plaintiff a divorce and directed equitable distribution of marital property. Supreme Court found the value of the postmarital improvements to defendant's separately owned land to be $33,371.77, and ordered defendant to pay plaintiff one half of this amount as equitable distribution of the marital property. Supreme Court refused to order any equitable distribution of the personalty held by each party, permitting each of them to keep the property he or she possessed, with one exception. Supreme Court also ordered defendant to pay $50 per week maintenance for a period of two years. This appeal by defendant followed.

Defendant's first contention for reversal is that Supreme Court erred in its equitable distribution of the marital residence. We disagree. There was ample evidence before Supreme Court to support its determination that the improvements which the parties made to defendant's separate property were marital property. The improvements to the land were made during the course of the marriage, and there

clearly was proof that plaintiff contributed to the acquisition of the home placed upon the property by, *inter alia,* executing and making payments on the home improvement loan. Although defendant disputed the extent of plaintiff's contribution to the acquisition of the improvements, the evidence strongly supported the conclusion that plaintiff contributed, at least in part, to the acquisition of these assets *(see, Price v Price,* 69 NY2d 8, 19; *Fish v Fish,* 161 AD2d 979, 981).

Once the property in question was determined to be marital property, Supreme Court was required to apply the factors set forth in Domestic Relations Law § 236 (B) (5) (d) and equitably distribute that property *(see, Price v Price, supra).* We find no reason to disturb Supreme Court's application of those factors in the instant case. Supreme Court found that plaintiff brought approximately $19,000 into the marriage, acquired from a previous divorce, and contributed some of these funds towards the acquisition of the marital residence. Although defendant disputes this finding, Supreme Court's factual determination must be given deference *(see, Sclafani v Sclafani,* 178 AD2d 830, 832). Furthermore, Supreme Court found that defendant was the more financially advantaged spouse. Considering the contributions and relative financial circumstances of each party, Supreme Court's equitable distribution award was not an abuse of discretion.

We also disagree with defendant's contention that Supreme Court erred in refusing to order equitable distribution of the parties' personal property. Both parties failed to comply with 22 NYCRR 202.16 (d), and neither party supplied any evidence of the value of any particular personal assets claimed to be marital property. Therefore, in the absence of any claimed value or reasons for treating the personalty as marital property, Supreme Court properly refused to consider any equitable distribution of those assets *(see, Michalek v Michalek,* 114 AD2d 655, 657, *lv denied* 69 NY2d 602).

Furthermore, we find no reason to disturb Supreme Court's maintenance award. Although this was a marriage of short duration, directing maintenance for two years at the rate of $50 a week was not an abuse of discretion in light of the wide discrepancy between the parties' incomes and earning capacities.

Mikoll, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.