■ CONNIE RANDO-QUILLIN, Appellant, v FREDERICK E. QUILLIN, Respondent. [599 NYS2d 705] —Levine, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered October 4, 1991 in Albany County, upon a decision of the court.

The parties were married in March 1988 and separated in November 1989. Plaintiff commenced this action seeking a divorce and equitable distribution of the parties' marital property. Plaintiff was apparently granted a default divorce judgment in January 1991. Plaintiff's complaint also set forth a cause of action for damages for personal injuries inflicted upon her by defendant, as well as a cause of action for property damage caused by defendant to plaintiff's automobile.

At the time of the trial on equitable distribution, plaintiff was 70 years old and defendant was 80 years old. The proof showed that prior to the marriage, defendant owned two homes, one on Tremont Street in the City of Albany and one on Vly Road in the Town of Colonie, Albany County. The parties variously resided at both properties during their short marriage. In September 1989, defendant transferred title to the Vly Road property to plaintiff and defendant as tenants by

the entirety. He retained title to the Tremont Street property and, thus, it remained separate property (see, Domestic Relations Law § 236 [B] [1] [d] [1]). The only proof of the preimprovement fair market value of the Vly Road property, an irregularly shaped lot with a Quonset hut on it, was offered by plaintiff's real estate expert, who valued it at $10,000. Plaintiff thereafter expended approximately $15,000 to rehabilitate the Vly Road property, paid with funds from accounts she held prior to the marriage, for improvements including insulation, a new electrical system, a central heating system and new floor coverings. After the parties separated, defendant moved to his Tremont Street property and plaintiff remained at the Vly Road property. Plaintiff's uncontroverted proof established the value of the Vly Road property after the improvements at approximately $25,000. Plaintiff also testified to several instances of physical abuse against her by defendant and of property damage caused by defendant to her automobile. Plaintiff made no claim for maintenance.

Supreme Court determined that the only marital asset to be distributed was the Vly Road property, accepted the testimony of plaintiff's expert witness on valuation of the property before and after the improvements, and awarded plaintiff a life estate in that property and a distributive award of $7,500 reflecting one half of the value of the improvements plaintiff made to that property during the marriage. Supreme Court further awarded plaintiff $1,500 for pain and suffering for her personal injuries and $214 for damages to her automobile. Plaintiff now appeals.

Plaintiff's first contention is that Supreme Court abused its discretion in not awarding her sole title to the Vly Road property, subject to payment of a distributive award to defendant of $5,000, i.e., one half of the fair market value of that property prior to the improvements, in view of her contributions to the value of that property and the fact that defendant owns another house. On our review of the record, we find no basis for disturbing Supreme Court's equitable distribution award. Supreme Court properly determined that the increase in value of the Vly Road property due to plaintiff's contributions to improvements during the marriage was marital property (see, Price v Price, 69 NY2d 8, 17; Lauria v Lauria, 187 AD2d 888; see also, Moller v Moller, 188 AD2d 807). Further, defendant concedes that by conveying the Vly Road property to plaintiff and defendant as tenants by the entirety during the marriage, all of it became marital property (see, Domestic Relations Law § 236 [B] [1] [c]). Defendant offered no evidence

to rebut the valuation by plaintiff's expert of the property and improvements, or plaintiff's evidence of her contributions.

Once the property was determined to be marital property, Supreme Court was required to apply the factors set forth in Domestic Relations Law § 236 (B) (5) (d) and equitably distribute that property (see, Price v Price, supra). Supreme Court emphasized two statutory factors in its award: (1) the duration of the marriage and the age and health of the parties (see, Domestic Relations Law § 236 [B] [5] [d] [2]), (2) and the contributions of plaintiff to the increase in value (see, Domestic Relations Law § 236 [B] [5] [d] [6]), thereby " 'set[ting] forth the factors it considered and the reasons for its decision' " (Kobylack v Kobylack, 62 NY2d 399, 403, quoting Domestic Relations Law § 236 [B] [5] [g]). We find no reason to disturb Supreme Court's application of those factors in this case, where the other factors are either inapplicable or there was a lack of evidence as to their applicability. Considering the short duration of the marriage (22 months), the advanced age of the parties (both receiving pensions) and plaintiff's relative contributions to the property placed jointly in her name just two months prior to the parties' separation, Supreme Court's equitable distribution award was not an abuse of discretion.

Additionally, plaintiff argues that Supreme Court's award of $1,500 damages for her pain and suffering resulting from personal injuries caused by defendant was inadequate. Plaintiff's testimony was vague regarding the degree to which her activities were restricted by her injury. Her treating chiropractor testified that her prognosis for full recovery within six to nine months was good. Defendant testified that plaintiff had complained of pain in her shoulders even before they were married. Giving due regard to Supreme Court's superior ability to assess the credibility of the witnesses and to assess the evidence, we conclude that, upon weighing the record evidence, the damage award was adequate and should not be disturbed (see, Mesick v State of New York, 118 AD2d 214, 219, lv denied 68 NY2d 611; Arnold v State of New York, 108 AD2d 1021, 1023, appeal dismissed 65 NY2d 723; see also, Karagiannis v New York State Thruway Auth., 187 AD2d 1009, lv dismissed 81 NY2d 835).

Yesawich Jr., J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.