■ PEPI S. SUMMER, Appellant-Respondent, v DONALD L. SUMMER, Respondent-Appellant. [615 NYS2d 192] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff and defendant each appeal from portions of a judgment of divorce insofar as it resolves economic issues incident to the divorce.

We reject defendant's contention that the Judicial Hearing Officer (JHO) erred in the amount of maintenance he awarded to plaintiff. The JHO awarded plaintiff maintenance in the sum of $2,500 per month until December 1993, when she would become eligible for Social Security benefits, at which time the maintenance award would be reduced to $2,000 per month. We conclude, however, that the JHO erred in awarding maintenance to plaintiff for the duration of her life. The record establishes that plaintiff is capable of becoming self-supporting (see, Hartog v Hartog, 194 AD2d 286, 295; Harmon v Harmon, 173 AD2d 98, 108). Plaintiff is in good health, obtained a Ph.D. during the marriage, has recent employment as a professor of social sciences and as a psychotherapist, and is fluent in six foreign languages. Thus, a maintenance award for a period of five years from the date of entry of the judgment of divorce is adequate to give plaintiff a reasonable period of time in which to obtain employment and become self-supporting (see, Burns v Burns, 193 AD2d 1104, 1105, lv granted 82 NY2d 664; Parris v Parris, 136 AD2d 685). Therefore, we modify the judgment appealed from by reducing the duration of the maintenance award to five years from the date of entry of the judgment of divorce.

The JHO further erred in concluding that the photograph collection acquired during the marriage constituted defendant's separate property. All property acquired during a marriage constitutes marital property subject to equitable distribution (Domestic Relations Law § 236 [B] [1] [c]). We conclude, therefore, that the photograph collection constitutes marital property. Inasmuch as the collection includes photographs of defendant's own family and other photographs that defendant generated, however, we further modify the judgment by awarding the photograph collection to him as part of the equitable distribution of the marital property. Additionally, we modify the judgment by granting plaintiff the right to obtain, at her own expense, duplicate copies of photographs from the photograph collection, excluding those photographs of defendant's own family.

The remaining issues raised by the parties and not specifically addressed herein have been examined and found to be without merit. (Appeals from Judgment of Supreme Court, Erie County, Roberts, J.H.O.—Equitable Distribution.) Present —Pine, J. P., Balio, Fallon, Wesley and Davis, JJ.