■ PEPI S. SUMMER, Appellant, v MARINE MIDLAND BANK, N. A., et al., Respondents, et al., Defendant. MARINE MIDLAND BANK, N. A., Third-Party Plaintiff-Respondent, v DONALD L. SUMMER, Third-Party Defendant-Respondent. [643 NYS2d 256] —Appeal from order insofar as it dismissed third-party complaint unanimously dismissed and order reversed on the law without costs, motion and cross motions denied and complaint reinstated. Memorandum: Plaintiff contends that Supreme Court erred in granting the motion of third-party defendant for summary judgment dismissing the complaint and third-party complaint on the grounds of res judicata and collateral estoppel. Plaintiff's appeal from that portion of the court's order that dismissed the third-party complaint is dismissed because plaintiff did not amend her complaint to assert a claim against third-party defendant directly, and plaintiff is therefore not aggrieved (*see,* CPLR 5511; *Chaitovitz v Lewis*, 222 AD2d 392). With respect to that portion of the order that dismissed the complaint, we agree with plaintiff that the court erred.

In her complaint, plaintiff alleges that, on November 7, 1985, third-party defendant, her then-husband, withdrew two checks from an account held in both of their names at Merrill, Lynch, Pierce, Fenner & Smith (Merrill Lynch). Plaintiff alleges that the two checks were drawn on Merrill Lynch's account at defendant Manufacturers & Traders Trust Company (M & T). The checks were payable to plaintiff and third-party defendant and were thereafter endorsed by third-party defendant and deposited in his account at defendant Marine Midland Bank, N. A. (Marine). Shortly thereafter, plaintiff commenced this action, asserting a cause of action for conversion against Marine and M & T and a cause of action for breach of fiduciary duty against Merrill Lynch. Plaintiff also sought punitive damages. The complaint against Merrill Lynch has been dismissed.

Subsequently, plaintiff commenced a divorce action against third-party defendant. Third-party defendant's motion to consolidate the conversion action with the divorce action was denied. The court granted plaintiff's motion for partial summary judgment on liability against Marine and M & T in the conversion action, and ordered a hearing on the assessment of damages in the conversion action, to be held immediately after the conclusion of an equitable distribution hearing in the divorce action.

The Judicial Hearing Officer who conducted the equitable distribution hearing determined that the Merrill Lynch account and third-party defendant's Marine account were marital property, and that plaintiff and defendant were each entitled, *inter alia*, to a 50% share of those accounts. The Merrill Lynch account was valued at $51,200 as of September 1, 1992, the trial date. The Marine account was valued at $384,056 as of September 3, 1986, the date on which the divorce action was commenced. The judgment of divorce was modified on other grounds by this Court (*Summer v Summer*, 206 AD2d 930) and the Court of Appeals (85 NY2d 1014, *rearg denied* 86 NY2d 886).

While the appeal from the judgment of divorce was pending, third-party defendant moved for summary judgment dismissing the complaint and third-party complaint in the conversion action on the grounds of res judicata and collateral estoppel. Marine and M & T opposed the motion on the ground that they were not estopped because they were not parties to the divorce action. Alternatively, they cross-moved for summary judgment, arguing that, if the issues were resolved in favor of third-party defendant, then the complaint should be dismissed against Marine and M & T as well.

The court erred in granting the motion and cross motion for summary judgment. The doctrine of collateral estoppel "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination" (*Weiss v Manfredi*, 83 NY2d 974, 976, *rearg denied* 84 NY2d 848). The issue of plaintiff's claim for punitive damages against Marine and M & T could not be raised in the divorce action, and therefore litigation of that issue in the conversion action is not precluded (*see, Pietras v Gol Pak Corp.*, 131 AD2d 239, 242). Moreover, the court in the divorce action determined the value of the Merrill Lynch and Marine accounts utilizing valuation dates well beyond the date of the alleged conversion and, therefore, the judgment of divorce does not conclusively establish the amount of plaintiff's compensatory damages for the alleged conversion. Although plaintiff might otherwise have litigated that issue in the divorce proceeding, she was precluded from doing so by the court's determination to deny consolidation and hold a hearing on damages in the conversion action following the equitable distribution hearing in the divorce action (*cf., Boronow v Boronow*, 71 NY2d 284, 289).

Nevertheless, we note that plaintiff is collaterally estopped by the judgment of divorce from relitigating certain issues of fact. First, plaintiff failed to establish in the divorce action that the Merrill Lynch account was her separate property (*see, Pilato v Pilato*, 206 AD2d 928, *lv dismissed* 84 NY2d 1026). Plaintiff is, therefore, estopped by the court's determination that the account is marital property. Second, plaintiff is bound by the court's determination that she is entitled to 50% of the value of that account, and thus cannot rebut the presumption of Banking Law § 675 that she is entitled to an equal share of a joint account (*see,* Banking Law § 2 [11]; § 675; *Di Nardo v Di Nardo*, 144 AD2d 906). Moreover, to the extent that Marine and M & T can establish that any of the allegedly converted funds remained in the Marine account as of its valuation date in the divorce action, those defendants may be entitled to offset any recovery by plaintiff (*see,* 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 71). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Lawton, J. P., Wesley, Callahan, Balio and Davis, JJ.