■ KATHERINE TIMPERIO, Respondent, v SALVATORE TIMPERIO, Appellant. [648 NYS2d 773] —Spain, J. Appeal from a judgment of the Supreme Court (Gladwin, J.H.O.) ordering, inter alia, equitable distribution of the parties' marital property, entered May 24, 1995 in Ulster County, upon a decision of the court.

The parties were married in 1976 and have two children, born in 1977 and 1979. Plaintiff commenced the instant action for divorce in 1991; defendant answered and counterclaimed for the same relief. On February 7, 1994, the parties placed an oral stipulation of settlement on the record; however, the parties failed to execute an "opting out" agreement. On the same

day, plaintiff informed Supreme Court that she did not know what she had agreed to. Thereafter, Supreme Court restored the matter to the calendar and plaintiff, represented by new counsel, moved to rescind the oral stipulation and vacate the agreement on the ground that it was not entered knowingly, voluntarily or with full understanding of the consequences. In addition, plaintiff pointed out that the stipulation was never accepted by Supreme Court. Defendant opposed the motion. Supreme Court determined, *inter alia*, that the stipulation was never accepted by the court, that plaintiff did not understand it and, further, that the stipulation was not executed in accordance with Domestic Relations Law § 240 (1), and therefore granted the motion.

Subsequently, the parties were unable to resolve the matter and a nonjury trial was held. At trial Supreme Court heard, on behalf of plaintiff, testimony from plaintiff herself, an accountant qualified by the court as an expert, a private investigator and a friend of the parties; and on behalf of the defendant, defendant himself, an employee of the business and the accountant for defendant's business, Sal's Place Bar. The court also received into evidence numerous exhibits including, *inter alia*, a real estate appraisal, an accountant's report, bank records, tax returns and mortgages.

After trial Supreme Court issued findings of fact and conclusions of law and granted plaintiff a judgment of divorce. With respect to custody, Supreme Court granted plaintiff sole custody of the parties' two children and granted defendant visitation. Supreme Court, weighing the credibility of the witnesses, ordered defendant to pay child support in the amount of $200 per week and permanent spousal maintenance in the amount of $300 per week; Supreme Court stated that it deviated from the Child Support Standards Act based upon its determination regarding maintenance. Supreme Court also directed defendant to maintain insurance coverage for plaintiff and the children. With respect to equitable distribution, Supreme Court determined that defendant's business was marital property and represented the sole marital asset. Supreme Court, relying upon evidence relating to the value of the real estate and the accountants' evaluations, determined that the fair market value of the business combined with the value of the real property was $253,000. Supreme Court then excluded $68,000 in existing mortgages and determined the value of the sole marital asset to be $185,000; plaintiff was awarded $90,000. Defendant appeals.

Initially, we conclude that Supreme Court did not abuse its

discretion in setting aside the oral stipulation. Pursuant to Domestic Relations Law § 236 (B) (3), an agreement such as this open-court stipulation of settlement must be "in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded". Here, after counsel put the terms of the stipulation on the record, each party orally agreed to the terms of the stipulation. Thereafter, Supreme Court directed the parties to "submit the papers" so that it could "review them". However, the agreement was not submitted to the court, signed by the parties or notarized (*cf., Ashcraft v Ashcraft*, 195 AD2d 963, 964). The parties also failed to execute an "opting out" agreement at the time the stipulation was placed on the record (*cf., Vermilyea v Vermilyea*, 224 AD2d 759, 760; *King v King*, 132 AD2d 863, 864). In light of the unequivocal manner in which such an agreement must be executed, Supreme Court properly set aside the oral stipulation (*see, Conti v Conti*, 199 AD2d 985, 985-986; *Lischynsky v Lischynsky*, 95 AD2d 111).

Next, we reject defendant's contention that Supreme Court committed reversible error in failing to set forth the statutory factors when awarding maintenance and equitable distribution. When awarding maintenance and equitable distribution, the court is required to set forth the factors it considered and the reasons for its decision (*see*, Domestic Relations Law § 236 [B] [5] [g]; [6] [b]). While courts are not required to analyze each of the factors enumerated, they must at least set forth the factors considered and state the reasons for their decisions (*see, O'Brien v O'Brien*, 66 NY2d 576, 589; *Rando-Quillin v Quillin*, 195 AD2d 636, 638). Supreme Court, in directing defendant to pay plaintiff permanent spousal maintenance, made the following findings of fact: (1) plaintiff's income is $250 per week, (2) defendant's income is estimated at $1,500 per week, (3) during the marriage the parties had a large home, a swimming pool, a barn and many acres of land, (4) the parties maintained 10 horses and had sufficient income to feed the horses, maintain the barns and fences, pay for veterinary fees, pay for showing horses and riding lessons, and (5) the cost to maintain the horses alone was nearly $15,000 per year, and was paid for in cash. Although Supreme Court failed to expressly set forth all the required statutory factors (*see*, Domestic Relations Law § 236 [B] [6] [a]), we conclude that remittal is not warranted because the record provides an adequate evidentiary basis for appellate review (*see, McLane v McLane*, 209 AD2d 1001, 1002, *lv dismissed* 85 NY2d 924) and because Supreme Court did set forth the factors it did consider and the reasons for its award (*see, Monette v Monette*, 177 AD2d 802, 803; *cf., Fraguela v Fraguela*, 177 AD2d 910, 913).

However, we conclude that Supreme Court erred in awarding permanent spousal maintenance. In light of plaintiff's young age (39 years old at the time of the trial), the mature age of the children and the likelihood that plaintiff can become self-supporting, we conclude that an award of maintenance of $300 per week for a period limited to five years would provide plaintiff ample time and support to obtain the certification and retraining as a home health aid which she needs to enter the workforce permanently (*see, Ingram v Ingram*, 208 AD2d 593, 595; *Summer v Summer*, 206 AD2d 930, 931, *mod* 85 NY2d 1014; *Burns v Burns*, 193 AD2d 1104, 1105, *mod* 84 NY2d 369; *Parris v Parris*, 136 AD2d 685; *cf., Weaver v Weaver*, 192 AD2d 777, 778-779).

Further, although defendant does not dispute the underlying valuation by Supreme Court of the business and real property, he does contend that Supreme Court failed to deduct outstanding real estate taxes, sales taxes and an IRS lien totaling $173,381.59 from the value of the business. However, the record indicates that defendant failed to offer any competent proof as to the existence of the alleged liens, other than his own conclusory assertions and an unpaid real estate tax bill which was never received in evidence. We therefore conclude that Supreme Court did not abuse its discretion in failing to reduce the value of the business by this amount. We also find no reason to disturb Supreme Court's award with respect to equitable distribution (*see, Moller v Moller*, 188 AD2d 807, 808). The record amply supports Supreme Court's conclusion that plaintiff contributed directly to the success of the business; she opened the bar in the morning, cleaned up, made up the cash drawer, cooked the lunch specials and prepared the menu for special parties. She also helped renovate the bar and the upstairs apartments which provided rental income after the parties moved into the marital residence. Moreover, plaintiff provided child care and home care enabling defendant to concentrate and participate in managing the day-to-day business operations. In our view, Supreme Court did not abuse its discretion in awarding plaintiff approximately 50% of the sole marital asset (*see, Richards v Richards*, 207 AD2d 628, 629).

Mikoll, J. P., Mercure and Peters, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by directing that the award for spousal maintenance shall end five years from May 24, 1995, and, as so modified, affirmed.