■ Thomas M. Kilbride, Respondent, v Charytyna Kilbride, Appellant. [650 NYS2d 889] —Carpinello, J. Appeal from an order of the Supreme Court (Lynn, J.H.O.), entered October 23, 1995 in Ulster County, which, inter alia, granted plaintiff's motion to terminate his maintenance obligation.

The parties were married in 1987. Plaintiff commenced an action for divorce in 1993. Discovery took place. Although the trial was scheduled to begin on April 5, 1994, the parties entered into a stipulation of settlement instead. This settlement, however, was ultimately vacated by Supreme Court. Further negotiations ensued and on December 24, 1994, the parties entered into another stipulation of settlement. The settlement was spread upon the record and provided, inter alia, that defendant was to receive a lump-sum distribution of

$40,000 from one of plaintiff's pension accounts through a "qualified domestic relations order" (hereinafter QDRO). It was also agreed that defendant would receive $860 per month in maintenance until she received the lump-sum payment. The parties intended the agreement to be an "opting out" agreement and it was executed in accordance with the requirements of Domestic Relations Law § 236 (B) (3) (*cf.*, *Lischynsky v Lischynsky*, 95 AD2d 111). The provisions of the stipulation were incorporated but not merged into a June 1995 judgment of divorce.

The QDRO was approved by the pension trust manager for plaintiff's pension account and defendant was requested to complete a form so that the funds could be distributed. Defendant was asked to choose either a direct payment, a rollover into an individual retirement account or a combination of the two. Defendant refused to complete the form because it indicated that any direct payment would be subject to "20% withholding". Plaintiff moved to terminate his maintenance obligation on the ground that defendant had unreasonably delayed in applying for the distribution. Defendant cross-moved to continue maintenance claiming that she only first learned of the potential tax consequences upon receipt of the form from the pension trust manager. Supreme Court granted plaintiff's motion and denied defendant's cross motion. Defendant appeals.

We affirm. A reviewing court "may not, under the guise of interpretation, make a new contract for the parties or change the words of a written contract so as to make it express the real intention of the parties if to do so would contradict the clearly expressed language of the contract" (*Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386). Here, the parties specifically agreed that the $40,000 would be "payable pursuant to a Qualified Domestic Relations Order, which order will authorize the payment of the sum of $40,000". If the agreement contemplated an absolute transfer with no tax consequences, the stipulation would have so provided.

We also note that the record reveals that the stipulation was entered into voluntarily with extensive inquiry by counsel. It was dictated into the record by plaintiff's counsel in plaintiff's presence and in the presence of defendant and her attorney (*see, King v King*, 132 AD2d 863; *see also, Sacks v Sacks*, 168 AD2d 733). Moreover, an "opting out" agreement was properly executed. There is no evidence in the record of any overreaching or that the terms of the agreement were unconscionable or the result of fraud, collusion or mistake (*see, Barzin v Barzin*,

158 AD2d 769, *lv dismissed* 77 NY2d 834). Under these circumstances, Supreme Court did not err in enforcing the terms of the agreement. Defendant's remaining arguments have been reviewed and rejected as unpersuasive.

Mercure, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.