■ THEDA A. HARBOUR, Appellant, v GILBERT J. HARBOUR, Respondent. [664 NYS2d 135] —Yesawich Jr., J. Appeals from two orders of the Supreme Court (Harris, J.), entered May 1, 1996 and January 14, 1997 in Albany County, which, *inter alia*, denied plaintiff's motions to vacate a stipulation of settlement.

After trial had begun in this divorce action, the parties reached an agreement with respect to the distribution of their marital property whereby defendant was to receive, *inter alia*, sole ownership of the marital residence and was to pay plaintiff for her interest therein. A stipulation was then placed on the record in open court by plaintiff's attorney, who indicated that in consideration for the assets plaintiff was to transfer to defendant, including her interest in the marital home, defendant would relinquish his interest in certain joint accounts and also pay plaintiff $38,000. Adverting to the parties' understanding that plaintiff was to be reimbursed for $7,000 of her separate

property which had been applied toward the purchase price of the house, the attorney expressly stated that this amount was "included in the $38,000".

Plaintiff maintains that the $7,000 was to be paid in addition to the $38,000, and that she and her attorney discovered the error the following day upon reviewing their notes of the settlement conference. When defendant—who unequivocally denied plaintiff's entitlement to more than the stipulated sum—did not respond to a letter pointing out the claimed error and requesting payment of the additional $7,000, plaintiff moved for vacatur of the stipulation on the ground of mistake. Her motion was denied and a cross motion by defendant to enforce the stipulation was granted, prompting the first of the appeals presently before us.

Thereafter, plaintiff again moved to vacate the stipulation, contending that it is unenforceable due to the parties' failure to execute a valid "opting out" agreement as mandated by Domestic Relations Law § 236 (B) (3). Though mindful of this Court's holding in *Lischynsky v Lischynsky* (95 AD2d 111), Supreme Court, believing it would be inequitable to permit plaintiff to disavow her earlier in-court representation that she had, in fact, intended to "opt out" of the equitable distribution statute, declined to vacate the stipulation. Instead, the court ordered the parties to sign and acknowledge the requisite written "opting out" agreement nunc pro tunc. Plaintiff appeals from that order as well.

Conceding that a strict application of *Lischynsky (supra)* to the instant case requires reversal of Supreme Court's order denying plaintiff's second motion, defendant essentially urges us to overrule that case. We are not so inclined. Recently, in *Matisoff v Dobi* (90 NY2d 127), the Court of Appeals, applying the same statutory provision in a slightly different context, found compliance with the prescribed formalities, including written acknowledgment, indispensable to the creation of a valid, enforceable marital contract, without exception (*id.*, at 132-133). After considering, *inter alia*, "the unambiguous statutory language of section 236 (B) (3), its history and related statutory provisions" (*id.*, at 135), as well as relevant policy concerns, the Court concluded that it was bound to enforce what it determined to be the clear intent of the Legislature to establish a bright-line rule.

Of particular relevance to the instant case is the holding, in *Matisoff (supra)*, that the parties' oral acknowledgment of the authenticity of their signatures, subsequently made on the record in open court, did not satisfy the statutory mandate (*id.*, at

137-138). Equivalent reasoning leads us to conclude that the order here, directing plaintiff to execute a written "opting out" agreement based on a similar oral averment, cannot be upheld. To rule otherwise would, in essence, transform that oral representation, which does not comply with the explicit formalities specified in the statute, into a binding act, in direct contravention of the legislative intent.

Inasmuch as the parties have not validly "opted out" of the statutory scheme governing the distribution of marital property, the stipulation is unenforceable and must be set aside (*see, Timperio v Timperio*, 232 AD2d 857, 859; *Conti v Conti*, 199 AD2d 985, 986).

Our resolution of this issue makes it unnecessary to address plaintiff's arguments with respect to the propriety of Supreme Court's first order. Were we to do so, however, we would affirm that order for the reasons set forth by Supreme Court (*see, Matter of Goldman v Goldman*, 201 AD2d 860, 861).

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the order entered January 14, 1997 is reversed, on the law, without costs, motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the order entered May 1, 1996 is dismissed, as academic, without costs.