■ TOWN OF OGDEN, Respondent-Appellant, v MANITOU SAND & GRAVEL CO., INC., et al., Appellants-Respondents. [676 NYS2d 386] —Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Defendants, Manitou Sand & Gravel Co., Inc., and Walter F. Przybycien, individually and as president of Manitou Sand & Gravel Co., Inc. (collectively Manitou), conduct a mining operation on several parcels of their property in the Town of Ogden. Plaintiff, Town of Ogden (Ogden), commenced this action against Manitou alleging a violation of Ogden's zoning ordinance as amended by Resolution No. 463-12/90, effective January 11, 1991, and a breach of the parties' settlement agreement dated July 1, 1988. Ogden in four causes of action sought (1) to enjoin and restrain Manitou, its agents, successors and assigns from conducting mining operations on its property until a special exception permit is obtained from the Ogden Zoning Board of Appeals (ZBA); (2) to enjoin and restrain Manitou, its agents, successors and assigns from applying to the New York State Department of Environmental Conservation (DEC) to modify the existing permit to allow blasting as a means of conducting its mining operations; (3) to obtain judgment declaring that the restrictive covenants dated August 10, 1990 are in full force and effect and that approval by the ZBA has been waived by Manitou; and (4) to obtain judgment declaring that the extraction of materials by blasting on Manitou's parcel known as the June farm constitutes an impermissible expansion of a prior nonconforming use.

Manitou's preanswer CPLR 3211 motion to dismiss the complaint was treated by Supreme Court as a motion for summary

judgment in its favor pursuant to CPLR 3211 (c). Ogden cross-moved for summary judgment on the complaint. The court denied Manitou's motion and granted Ogden's motion in part.

With respect to the first cause of action, the court granted summary judgment to Ogden and enjoined and restrained Manitou, its agents, successors and assigns from conducting mining operations on its property until they obtain a special exception permit from the ZBA. The court concluded that the zoning ordinance amended by the resolution in 1990 was not superseded by the Mined Land Reclamation Law ([MLRL] ECL 23-2701 *et seq.*), and that the resolution as amended was a valid zoning regulation by Ogden. The amendment rezoned Manitou's property from residential to Special Industrial District (SID-1), in which mining is allowed only upon obtaining a special exception permit from the ZBA. The amendment further prohibits blasting as a method or means of mining in a SID-1.

In granting summary judgment to Ogden on the first cause of action, the court erred in concluding that the zoning ordinance as amended was not superseded by the MLRL insofar as it prohibits blasting in a SID-1. In enacting the MLRL, in order to encourage and foster the mining industry in New York State (*see,* ECL 23-2703 [1]), the Legislature expressly reserved to the DEC the authority to regulate the mining industry and the manner in which mining is performed (*see,* ECL 23-2703 [2]). Although a municipality may adopt a zoning ordinance that prohibits mining within a zoning district (*see,* ECL 23-2703 [2] [b]; *Village of Savona v Knight Settlement Sand & Gravel,* 88 NY2d 897, 899; *Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 683), it may not regulate the process or method of mining (*see, Matter of St. Onge v Donovan,* 71 NY2d 507, 516-517). Thus, we conclude that the provision in the zoning ordinance that prohibits blasting within a district in which mining is a permissible use and that restricts mining to excavation by mechanical means only is invalid. Because the zoning ordinance contains a savings clause, however, it is not invalid in its entirety.

The court further erred in concluding that the amendment to the zoning ordinance rezoning all of Manitou's property to a SID-1 extinguished the prior nonconforming use with respect to the June farm parcel (*see, Matter of Hoffay v Tifft,* 164 AD2d 94). Thus, Ogden is not entitled to summary judgment on the first cause of action with respect to the June farm. Manitou may continue its mining operations on the June farm as a prior nonconforming use.

With respect to the remaining parcels, it was determined in earlier litigation between the parties that no prior nonconforming use had been established by Manitou. We conclude that the court properly gave that determination collateral estoppel effect (*see, Summer v Marine Midland Bank,* 227 AD2d 932, 934). Manitou is therefore required to apply for a special exception permit to mine on those parcels. Inasmuch as Manitou has failed to apply for that permit, the court properly granted summary judgment to Ogden on the first cause of action with respect to those parcels, enjoining and restraining Manitou from mining thereon until a special exception permit is granted by the ZBA.

The second and third causes of action involve an agreement between the parties made July 1, 1988 that was intended to settle earlier litigation. The court denied Ogden's cross motion with respect to those causes of action. The court erred in finding that issues of fact exist whether there has been compliance with the agreement and whether the documents comprising the agreement are valid and enforceable. We conclude that the agreement is not a valid and enforceable contract. The agreement expressly provides that, absent full compliance with all of its provisions, "this Agreement shall not be introduced by either party in a court of law". It is undisputed that there was not full compliance with some of the provisions. Thus, Manitou is entitled to summary judgment dismissing the second cause of action and to judgment in its favor on the third cause of action declaring that the restrictive covenants are not in full force and effect.

With respect to the fourth cause of action, the court erred in determining that the rezoning of Manitou's property from residential to SID-1 extinguished Manitou's prior nonconforming use on the June farm, thereby rendering moot the issue whether blasting on the June farm constitutes an expansion of a prior nonconforming use and is thus impermissible. We conclude that Ogden is not entitled to judgment declaring that blasting on the June farm is an expansion of a prior nonconforming use. Blasting is a method or means of mining, not a discrete land use, and thus is not an expansion of a prior nonconforming use. Additionally, blasting is regulated by the DEC under the MLRL (*see*, 6 NYCRR 422.2 [c] [3] [i]), and Manitou will have to obtain permission from the DEC to commence blasting (*see*, 6 NYCRR 422.1). Thus, Manitou is entitled to judgment in its favor on the fourth cause of action declaring that blasting on the June farm is not an expansion of a prior nonconforming use.

Thus, we modify the order by denying Ogden's cross motion for summary judgment on the first cause of action with respect to the June farm, by granting Manitou's motion for summary judgment dismissing the second cause of action and by granting judgment in favor of Manitou on the third and fourth causes of action declaring that the restrictive covenants are not in full force and effect and that blasting on the June farm is not an expansion of a prior nonconforming use. (Appeals from Order of Supreme Court, Monroe County, Stander, J.— Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.