■ ROBERT F. AGARS, JR., Appellant, v MARY T. AGARS, Respondent. [774 NYS2d 442]—

Mugglin, J. Appeal from an order of the Supreme Court (Scarano, Jr., J.), entered April 22, 2003 in Saratoga County, which partially granted defendant's motion for, inter alia, a qualified domestic relations order.

Based on the language of the parties' in-court stipulation of settlement in 1984, the judgment of divorce terminating their 10-year marriage provided, among other things, that "the plaintiff shall pay to the defendant thirty (30%) percent of the gross maximum pension benefits due the plaintiff upon his retirement from the General Electric Company." In March 2002, plaintiff took early retirement, having worked for General Electric for 33 years. Defendant, having received no portion of the pension, sought a qualified domestic relations order (hereinafter QDRO) directing payment in accordance with the judgment of divorce. As relevant to the issues on appeal, it is not disputed that defendant is receiving a "regular" monthly pension payment of $1,512.93 and an early retirement "Supplemental Payment Until 63-00"—i.e., payable until plaintiff becomes 63 years old—in the monthly amount of $870.27. Supreme Court held that defendant was entitled to a QDRO directing that she receive 30% of both amounts. Plaintiff appeals.

Relying on *Olivo v Olivo* (82 NY2d 202 [1993]), plaintiff first argues that the "Supplemental Payment Until 63-00" is a Social Security bridge payment representing postdivorce separate property and, thus, is excluded from the calculation. While plaintiff correctly states that *Olivo* holds that Social Security bridge payments are not deferred compensation and, thus, not marital property subject to distribution, his reliance on this case is misplaced. Because the *Olivo* divorce decree and QDRO

utilized the *Majauskas* formula in distributing pension benefits earned only during the marriage (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]), the Court in *Olivo* distinguished between an enhanced retirement income benefit (a form of deferred compensation and distributable as a marital asset) and a Social Security bridge payment (separate property and not distributable). That distinction is not relevant in this case because the clear and unambiguous language of both the stipulation and the judgment of divorce require plaintiff to pay defendant 30% of his gross maximum pension benefits due on his retirement. Therefore, in contrast to *Olivo*, this provision requires inclusion of all pension benefits, whether or not earned by plaintiff during the parties' marriage and regardless of whether it is received as a regular pension or an early retirement incentive. Consequently, there is no merit to plaintiff's other arguments that the intent of the agreement was to include only that portion of the pension earned during marriage nor to his claim that equity should reform the agreement. The clear, unambiguous language governs (*see De Gaust v De Gaust*, 237 AD2d 862, 862 [1997]). Moreover, the record is devoid of any evidence of overreaching or unconscionability or that the stipulation was the result of fraud, collusion or mistake (*see Kilbride v Kilbride*, 234 AD2d 780 [1996]).

Peters, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.