Anthony E. Wetherby, Appellant, v Theresa L. Wetherby, Respondent. [854 NYS2d 813]—

Peters, J.P. Appeal from an order of the Supreme Court (Breen, J.), entered February 9, 2007 in Warren County, which, among other things, denied plaintiff's motion to vacate a prior domestic relations order.

In January 2004, plaintiff and defendant, parents of three children of the marriage, entered into an opt-out agreement which was incorporated, but not merged, into a subsequent judgment of divorce. As relevant here, the opt-out agreement provided that the parties would share joint legal custody of their minor child, with defendant having primary physical custody and plaintiff receiving liberal parenting time, directed plaintiff to pay all of the minor child's uninsured health expenses and awarded defendant 50% of the marital portion of plaintiff's retirement plan. Thereafter, the parties entered into a mediation agreement modifying the terms of the opt-out agreement whereby they agreed, among other things, that defendant could relocate to Arizona with the minor child in exchange for her waiver of her right to 50% of the marital portion of plaintiff's retirement plan.

Following the issuance of a domestic relations order (hereinafter DRO), which directed the payment to defendant of her share of plaintiff's retirement benefits pursuant to the terms of the opt-out agreement, plaintiff moved to enforce the mediation agreement and to set aside the DRO. Defendant filed a cross-motion seeking, among other things, an order declaring the mediation agreement void and directing plaintiff to reimburse her for $1,736 in uninsured health care expenses incurred for the benefit of the minor child. Supreme Court denied plaintiff's motion and partially granted defendant's cross motion, declaring the mediation agreement invalid and unenforceable because it was not duly acknowledged, and directing plaintiff to reimburse defendant for the unpaid health care expenses. Plaintiff

thereafter moved to renew and reargue his motion, which was denied by the court. Plaintiff now appeals.[1]

Plaintiff's contention that Supreme Court erred in finding the mediation agreement to be invalid inasmuch as defendant waived her rights to his retirement benefits by executing this agreement is unavailing. The opt-out agreement, having been entered into during the marriage, was subject to the strict standards set forth in Domestic Relations Law § 236 (B) (3), namely, that an agreement made by the parties either before or during the marriage shall be valid and enforceable "if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." Such opt-out agreement explicitly states that "[n]either this Agreement, nor any provision hereof, shall be amended or modified, or deemed amended or modified, except by an Agreement in writing duly subscribed and acknowledged with the *same formality as this Agreement*" (emphasis added). Thus, the strict formality requirements of Domestic Relations Law § 236 (B) (3) were equally applicable to any subsequent amendments or modifications to the opt-out agreement, such as the mediation agreement at issue.

The mediation agreement, while signed and notarized, lacks a formal acknowledgment by the parties. As noted by the Court of Appeals, "the unambiguous statutory language of [Domestic Relations Law §] 236 (B) (3), its history and related statutory provisions establish that the Legislature did not mean for the formality of acknowledgment to be expendable" (*Matisoff v Dobi*, 90 NY2d 127, 135 [1997]). Rather, this statutory provision "clearly prescrib[es] acknowledgment as a condition, with no exception" (*id.* at 136).[2] As such, Supreme Court properly found the unacknowledged mediation agreement to be invalid and unenforceable.[3]

Plaintiff next asserts that Supreme Court improperly awarded

---

**1.** Plaintiff appeals only the original order, not the denial of his motion to renew.

**2.** While we recognize that an unacknowledged agreement which is not merged into a judgment of divorce may be enforceable in actions other than one for divorce (*see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Matter of Sbarra*, 17 AD3d 975, 976 [2005]; *Geiser v Geiser*, 115 AD2d 373, 374 [1985]), here, pursuant to the explicit contractual provisions of the opt-out agreement, the parties could not effectuate a legally enforceable modification thereof in the absence of a duly acknowledged document.

**3.** Although plaintiff additionally argues that the doctrines of equitable and promissory estoppel preclude defendant from denying the validity of the mediation agreement, plaintiff failed to preserve this issue for our consideration by not raising it before Supreme Court (*see Prince v 209 Sand & Gravel,*

defendant the cost of the child's uninsured health care expenses since defendant breached the terms of the opt-out agreement by deliberately taking the parties' minor child to nonparticipating health care providers. Contrary to plaintiff's contention, the opt-out agreement, which provides that "[plaintiff] shall pay 100% and [defendant] shall pay 0% of the uninsured health care expenses of the three children," does not oblige defendant to exclusively pursue providers associated with plaintiff's health insurance plan. Thus, Supreme Court acted within its discretion in awarding defendant reimbursement according to her demonstrated expenses.

Carpinello, Kane, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

LLC, 37 AD3d 1024, 1026 [2007]; *Kitonyi v Albany County*, 128 AD2d 1018, 1019 [1987]).