■ CHRISTOPHER T. BIRR, Appellant, v LYNDA BURNETT BIRR, Respondent. [895 NYS2d 252]—

Malone Jr., J. Appeal from an order of the Supreme Court (Cholakis, J.), entered October 31, 2008 in Rensselaer County, which denied plaintiff's motion to enforce an oral agreement between the parties.

Plaintiff commenced this action for divorce in July 2006. On April 27, 2007, the date the action was set for trial, the parties placed an oral stipulation on the record in open court addressing issues of child custody, child support, visitation, spousal maintenance and equitable distribution. The oral stipulation required plaintiff to withdraw his complaint and his custody petition. The oral stipulation also required plaintiff's counsel to prepare a written stipulation incorporating the terms of the oral stipulation and possibly "additional terms in the nature of boiler plate that would be typical to a separation agreement" that were not read into the record in court. The parties acknowledged on the record their understanding that, upon execution of the written stipulation, its terms would then constitute a legally binding contract. The matter was then adjourned to another date certain for confirmation from counsel that the written stipulation had been executed by both parties and that plaintiff was withdrawing the complaint and custody petition.

Plaintiff's counsel subsequently requested and was granted a further adjournment. When that adjourn date also passed without an executed stipulation being filed, Supreme Court set a final deadline and advised counsel that the action would be dismissed for failure to prosecute if the stipulation was not received. No written stipulation was ever executed or filed and Supreme Court dismissed the action when the final deadline passed. Thereafter, plaintiff moved to vacate the dismissal and restore the action to the calendar. That motion was granted and, after the action was restored, plaintiff then moved to either have the terms of the oral stipulation "so-ordered" or to have defendant directed to execute a proposed written stipulation circulated by plaintiff's counsel. Supreme Court denied that motion, giving rise to this appeal by plaintiff. For the reasons stated below, we affirm.

"Pursuant to Domestic Relations Law § 236 (B) (3), an agreement such as this open-court stipulation of settlement must be 'in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded' " (*Timperio v Timperio*, 232 AD2d 857, 859 [1996]; *accord Wetherby v Wetherby*, 50 AD3d 1226, 1227 [2008]; *Matter of Sbarra*, 17 AD3d 975, 976 [2005]; *Lischynsky v Lischynsky*, 95 AD2d 111, 114 [1983]; *Hanford v Hanford*, 91 AD2d 829, 829-830 [1982]; *Giambattista v Giambattista*, 89 AD2d 1057, 1057 [1982]; *but see Rubenfeld v Rubenfeld*, 279 AD2d 153, 156-159 [2001]; *Sanders v Copley*, 151 AD2d 350, 351-353 [1989]; *Harrington v Harrington*, 103 AD2d 356, 358-361 [1984]; *see also* Scheinkman, Practice Commentaries, McKinney's Cons Laws of

NY, Book 14, Domestic Relations Law C236B:18). In our view, an oral stipulation placed on the record in open court does not, by itself, satisfy the requirements of the Domestic Relations Law. However, as we have recently and repeatedly acknowledged, "recitation of an oral stipulation into the record, followed by execution of a written opt-out agreement that stated that the parties adopted the terms of the stipulation 'as if the same were fully set forth' therein . . . satisfies the requirements of the Domestic Relations Law" (*Cheruvu v Cheruvu*, 59 AD3d 876, 877 [2009]; *see Dwyer v De La Torre*, 252 AD2d 695, 695-696 [1998]; *Vermilyea v Vermilyea*, 224 AD2d 759, 760 [1996]).

Here, however, the parties did not execute a written settlement stipulation, and the record on appeal neither contains nor mentions an executed, written agreement incorporating the terms of the oral agreement. In his brief, plaintiff's counsel claims that an opting-out affidavit was executed by the parties but that it has "gone missing" from Supreme Court's file. In contrast, the brief submitted by the Law Guardian states that the affidavit was believed to be unnecessary and was therefore not filed. Defendant, in her pro se brief, denies that the affidavit was ever signed. Notably, these and other statements of fact alleged in the briefs are not included in the record on appeal and, therefore, are beyond our consideration (*see Matter of Zippo v Zippo*, 41 AD3d 915, 916 n [2007]; *Matter of D.B.S. Realty v New York State Dept. of Envtl. Conservation*, 201 AD2d 168, 173 [1994]). Accordingly, in the context of this matrimonial action, without proof in the record of a valid opt-out agreement, the oral stipulation is unenforceable (*see Harbour v Harbour*, 243 AD2d 947, 949 [1997], *lv dismissed* 92 NY2d 845 [1998]; *compare Matter of Sbarra*, 17 AD3d at 976).

We have considered plaintiff's remaining arguments and find them to be without merit.

Cardona, P.J., Rose and Garry, JJ., concur. Ordered that the order is affirmed, without costs.