Corle v Allstate Ins. Co. (2018 NY Slip Op 04135)





Corle v Allstate Ins. Co.


2018 NY Slip Op 04135


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


421 CA 17-01504

[*1]JAMES CORLE AND COLIN CORLE, INDIVIDUALLY AND AS ASSIGNEES OF JEOFFREY LEE BAUTER TEETER AND JEFFREY S. TEETER, PLAINTIFFS-RESPONDENTS,
v
ALLSTATE INSURANCE COMPANY, DEFENDANT-APPELLANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JESSICA L. FOSCOLO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WELCH, DONLON & CZARPLES PLLC, CORNING (MICHAEL A. DONLON OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered March 30, 2017. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This action arises out of an incident in which plaintiff Colin Corle (Colin) was accidently shot by Jeoffrey Lee Bauter Teeter, who was insured under a policy issued by defendant. Plaintiff James Corle (James), individually and on behalf of his then-infant son, Colin, commenced a personal injury action against Teeter and his father, Jeffrey S. Teeter. Defendant disclaimed coverage, asserting that the accidental shooting was not a covered loss under the policy. James ultimately obtained a judgment in the personal injury action against the Teeters in excess of $350,000.
James then brought a direct action against defendant, individually and on behalf of his then-infant son, as an injured person/judgment creditor under Insurance Law § 3420 (a) (2) and (b) (1). In that action, Supreme Court granted the motion of James for summary judgment, holding that the accidental shooting was a covered loss under the insurance policy and awarding him the $50,000 policy limits of the Teeters' liability policy.
Thereafter, the Teeters assigned all of their rights and claims against defendant to James and Colin who, individually and as the Teeters' assignees, commenced this action alleging that defendant disclaimed coverage in bad faith. Defendant moved to dismiss the action pursuant to CPLR 3211 (a) (5) and (7). The court converted defendant's motion to dismiss into a motion for summary judgment, without first providing notice to the parties, and denied the motion.
Initially, we agree with defendant that the court erred in converting the motion to dismiss to a CPLR 3212 motion for summary judgment. Although the court was authorized to treat the motion as one for summary judgment upon "adequate notice to the parties" (CPLR 3211 [c]), no such notice was given. Further, recognized exceptions to the notice requirement are inapplicable here inasmuch as neither party made a specific request for summary judgment, and the record does not establish that they deliberately charted a summary judgment course (see Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; Carcone v D'Angelo Ins. Agency, 302 AD2d 963, 963-964 [4th Dept 2003]).
Nevertheless, we conclude that defendant was not entitled to dismissal of the complaint under CPLR 3211 (a) (5) based on res judicata. Contrary to defendant's contention, we conclude that the failure of James to litigate the bad faith claim in the earlier Insurance Law § 3420 (a) (2) [*2]action does not bar litigation of that claim in the instant action. "Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation . . . Additionally, under New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (Matter of Hunter, 4 NY3d 260, 269 [2005]; see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).
Insurance Law § 3420 (b) (1) provides that, "[s]ubject to the limitations and conditions of paragraph two of subsection (a) of this section, . . . any person who . . . has obtained a judgment against the insured or the insured's personal representative[] for damages for injury sustained . . . during the life of the policy or contract" may maintain an action against the insurer "to recover the amount of a judgment against the insured or his personal representative." Such an action may be "maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract" (§ 3420 [a] [2]).
We conclude that, under Insurance Law § 3420 (a) (2) and (b) (1), an injured party's standing to bring an action against an insurer is limited to recovering only the policy limits of the insured's insurance policy. Contrary to defendant's contention, we conclude that, if an injured party/judgment creditor seeks to recover from the insurer an amount above the insured's policy limits on a theory of liability beyond that created by Insurance Law § 3420 (a) (2), the statute does not confer standing to do so. However, if the insured assigns his or her rights under the insurance contract to the injured party/judgment creditor, then the injured party/judgment creditor may simultaneously bring a direct action against the insurer pursuant to Insurance Law § 3420 (a) (2) along with any other appropriate claim, including a bad faith claim, seeking a judgment in a total amount beyond the insured's policy limits.
Here, when James commenced the prior action pursuant to Insurance Law § 3420 (a) (2) individually and on behalf of Colin, the Teeters had not yet assigned their rights under the insurance contract to James and Colin. As a result, James did not have standing to bring a bad faith claim against defendant (cf. Bennion v Allstate Ins. Co., 284 AD2d 924, 924-926 [4th Dept 2001]). Thus, because James lacked standing to bring a bad faith claim against defendant at the time he brought the Insurance Law § 3420 (a) (2) action, we conclude that the doctrine of res judicata does not bar this action (see generally Hunter, 4 NY3d at 269; Summer v Marine Midland Bank, 227 AD2d 932, 934 [4th Dept 1996]), and defendant's motion insofar as it sought to dismiss the complaint pursuant to CPLR 3211 (a) (5) was properly denied.
We recognize that the First Department held otherwise on similar facts in Cirone v Tower Ins. Co. of N.Y. (76 AD3d 883 [1st Dept 2010], lv denied 16 NY3d 708 [2011]). To the extent that the First Department in Cirone concluded that an injured person/judgment creditor who commenced an action against the insurer pursuant to Insurance Law § 3420 (a) (2) had standing to assert a bad faith settlement practices claim in that action in the absence of an assignment from the insured, we disagree with that conclusion and decline to follow Cirone.
We reject defendant's further contention that the court erred in denying its motion insofar as it sought to dismiss the complaint under CPLR 3211 (a) (7), for failure to state a cause of action. Viewing the facts as alleged by plaintiffs in the light most favorable to them and affording plaintiffs all favorable inferences (see generally Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]), we conclude that plaintiffs sufficiently stated a cause of action for bad faith against defendant.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court